UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Terry Lee Branson,

             Plaintiff,                        File No. 16-cv-2802 (WMW/LIB)

    v.

                                 **REPORT AND RECOMMENDATION**

Kevin D. Moser, et al.,

             Defendants.

---

    This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendants' Motion to Dismiss. [Docket No. 76]. The Court took Defendants' Motion to Dismiss, [Docket No. 76], under advisement upon the parties' written submissions. (Order [Docket No. 85]).

    For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 76], be **GRANTED**.

## I.    Background[1]

    Plaintiff Terry Lee Branson, (hereinafter "Plaintiff"), is currently civilly committed to the Minnesota Sex Offender Program (hereinafter "MSOP"). (Amended Compl. [Docket No. 53]). Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 alleging generally that Defendants Emily Piper, Nancy Johnson, Kevin D. Moser, Peter D. Puffer, Terry K. Kneisel, Kathryn E. Lockie, Dr. Crystal Leal, Brian S. Ninneman, Courtney Jo Menten, Nicole Vaineo,

---

[1] For the purposes of the present Motion to Dismiss, the Court accepts the facts alleged in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. See, Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008); Carlsen v. Game Stop, Inc., 833 F.3d 903, 908 (2016). The facts in the present background are compiled from Plaintiff's Amended Complaint. [Docket No. 53].

Michael McEachran Jr., Kent Johansen, Deborah E. Becker, Jamie R. Houk, and Paul Mayfield violated his constitutional rights while he has been committed to the MSOP on the basis of the following factual allegations.

On February 4, 2016, and May 17, 2016, Defendant Johansen placed into Plaintiff's medical file "treatment notes" regarding Plaintiff's ineligibility to order meals from vendors outside the MSOP. (Id. at 38). These treatment notes provided that Plaintiff was ineligible to participate in ordering food from vendors outside the MSOP facility due to Plaintiff's failure to actively participate in treatment which thereby prevented Plaintiff from reaching the appropriate tier level required pursuant to the MSOP Outside Orders Policy. (Id. at 10–11, 38).[2] On September 8, 2016, Defendant Menton placed a similar treatment note into Plaintiff's medical file, and on October 28, 2016, Defendant Vaineo placed another similar treatment note into Plaintiff's medical file. (Id. at 38).

On May 19, 2016, Plaintiff inquired as to the reasons the treatment notes were placed in his medical file. (Id. at 38). In response to Plaintiff's inquiry, Defendant Ninneman informed Plaintiff that "[p]olicy was followed—You should have received a MSOP Treatment Memo outlining which of the expectations you did not meet per policy." (Id.). On May 31, 2016,

---

[2] The MSOP Outside Orders Policy provides that persons civilly committed to the MSOP may, subject to certain conditions, order food from vendors outside the MSOP facility, if said client is considered to be "tier level 3" or higher. (See, Amended Compl. [Docket No. 53]; MSOP Outside Orders Policy [Docket No. 80-1]). In the present case, Defendants provided the Court with the MSOP Outside Orders Policy. [Docket No. 80-1]. Plaintiff's Amended Complaint, however, is based upon that Outside Orders Policy, and he discusses, quotes, and specifically cites the MSOP Outside Orders Policy throughout his Amended Complaint. (See, Amended Complaint [Docket No. 53]). Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079). Thus, because the MSOP Outside Orders Policy is "embraced by" Plaintiff's Amended Complaint the Court finds it may properly consider that MSOP Outside Orders Policy in its consideration of the present Motion to Dismiss.

Plaintiff sent a follow-up inquiry[3] to which Defendant Menten responded that "Policy 420-5015[4] section A2 spells out the qualifications for individuals who met the criteria for quarterly meal. I'd encourage you to speak directly with those individuals if you wish to see how they met those goals. I will not address other clients [sic] treatment involvement, as it would violate their privacy. Thanks." (Id. at 39).

Plaintiff alleges that Defendants Leal, Ninneman, Menten, Vaineo, Johansen, McEachran, Becker, Houk, and Mayfield constitute Plaintiff's "treatment team." (Id. at 13–14). Plaintiff further alleges that this "treatment team" is the team of persons who decided that he was ineligible to participate in ordering meals from vendors outside the MSOP facility. (Id. at 13–14, 41).

Plaintiff refers collectively to Defendants Piper, Johnston, Moser, Puffer, Kneisel, and Lockie as the Administration. (Id. at 14). Plaintiff alleges that each member of the Administration has "either participated in the creation and/or application of MSOP Policy, Outside Order, No. 420-5015." (Id. at 14). As already noted, it is this Outside Orders Policy which prevents Tier 1 and Tier 2 MSOP client's from being eligible to participate in ordering food from vendors outside the MSOP facility. (Id. at 14, 41; MSOP Outside Orders Policy [Docket No. 80-1]).

Plaintiff maintains five Causes of Action asserting that, through the implementation and application of the Outside Orders Policy, Defendants "in their individual and official capacities" have violated Plaintiff's Thirteenth Amendment and Fourteenth Amendment rights as secured by

---

[3] Plaintiff did not provide the Court with the text or content of his May 31, 2016, inquiry. (See, Id.). It appears from his Amended Complaint, however, that Plaintiff was inquiring as to how other MSOP clients were able to participate in ordering meals from vendors outside the MSOP on a quarterly basis while Plaintiff was prevented from doing so. (See, Id.).

[4] This is the MSOP Outside Orders Policy which governs the MSOP client's eligibility to order meals from outside the MSOP facility. See, fn. 2, supra.

the United States Constitution, as well as, Plaintiff's right to equal protection under the laws as secured by the Equal Protection Clause of the United States Constitution. (See, Amended Compl. [Docket No. 53]). As relief, Plaintiff seeks monetary damages, as well as, injunctive and declaratory relief. (Id. at 55–58).

Although Plaintiff attempts to place different descriptive labels on his various purported Causes of Actions, he in fact bases them <u>all</u> on factual allegations <u>solely</u> related to the Defendants' alleged failure to allow Plaintiff to order food from vendors outside the MSOP facility. (See, Id.).

## II.    Standard of Review

Federal courts are courts of limited jurisdiction. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94–95 (1998). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." <u>Id.</u> (internal quotations and citations omitted). To invoke federal question jurisdiction, a plaintiff must plead facts supporting a cause of action arising under federal law or the United States Constitution. 28 U.S.C. § 1331. A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. <u>See gen.</u>, <u>Oglala Sioux Tribe v. C&W Enterp., Inc.</u>, 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

"A court does not obtain subject-matter jurisdiction just because a plaintiff" purports to raise "a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." <u>Biscanin v. Merrill Lynch & Co., Inc.</u>, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted) (citing <u>Hagans v. Lavin</u>, 415 U.S. 528, 537–38 (1974)). In other words, merely because a plaintiff states in the complaint that the Court has subject matter jurisdiction does not make it so. <u>See</u>, <u>Id.</u> It is the burden of the

party asserting jurisdiction to prove that jurisdiction exists. VS Ltd. P'ship. v. Department of Hous. & Urban Dev., 235 F.3d 1109, 112 (8th Cir. 2000). And a "court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Section 1983 establishes a cause of action against any "person who, under the color of any statute, ordinance, regulation, custom, or usage, of any state" causes the deprivation of a federal or Constitutional right. 42 U.S.C. § 1983.

## III.   Defendants' Motions to Dismiss. [Docket No. 76].

Defendants' Motion to Dismiss, [Docket No. 76], seeks an Order of this Court dismissing Plaintiff's Amended Complaint in its entirety.

Defendants argue that Plaintiff's Amended Complaint should be dismissed because of this Court's lack subject matter jurisdiction over some portions of Plaintiff's Amended Complaint and because other portions of Plaintiff's Amended Complaint fail to state a claim upon which relief may be granted. In the alternative, Defendants argue that even if Plaintiff's Amended Complaint could be construed as stating a cognizable, federal claim, Defendants are

entitled to qualified immunity as to each of Plaintiff's claims against them in their individual capacities.[5]

As noted above, the sole basis alleged for <u>all</u> of Plaintiff's § 1983 claims in the present case is that the state actor Defendants failed to allow him to order food from vendors outside the MSOP facility.[6] (<u>See</u>, Amended Compl. [Docket No. 53]). While plaintiff labels his claims as constitutional violations in his Amended Complaint, Plaintiff fails to plead any facts which allege any basis for federal jurisdiction.

Plaintiff purports to maintain the present action pursuant to 42 U.S.C. § 1983. For relief pursuant to 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a [federal] constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." <u>McDonald v. City of St. Paul</u>, 679 F.3d 698, 704 (8th Cir. 2012) (quoting <u>Shrum ex rel Kelly v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). A plaintiff must plead facts sufficient to demonstrate that an individual defendant was directly and personally involved in an alleged constitutional violation. <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985); <u>Clemmons v. Armontrout</u>, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."). In addition to pleading individual involvement, a plaintiff must

---

[5] Because the recommendation below is based on the Plaintiff's clear pleading failure, the Court does not reach the qualified immunity argument by Defendant.

[6] As previously observed, the MSOP Outside Orders Policy provides that only those "[c]lients who are in tier level 3," tier level 4, and tier level 5 may place outside food orders. (Outside Orders Policy [Docket No. 80-1]). Plaintiff alleges that if a client refuses to participate in treatment, as Plaintiff here admits he has refused, said client cannot place outside food orders because said client will not achieve tier level 3 or higher. (<u>See</u>, Amended Compl. [Docket No. 53]).

sufficiently plead a violation of a specific constitutional right. Section 1983 does <u>not</u> itself grant jurisdiction. <u>Hagens v. Lavine</u>, 415 U.S. 528, 534 (1974).

Other than conclusory labelling, Plaintiff pleads no facts which support any violation of his federal constitutional rights or federal law. (<u>See</u>, <u>Id.</u>). Even liberally construing Plaintiff's Amended Complaint and drawing reasonable inferences in his favor, there is no factual allegation that Defendants have done anything which violates Plaintiff's constitutional rights. All that Plaintiff alleges is that the Defendants prohibit Plaintiff from placing food orders with vendors outside the MSOP facility, and although Plaintiff provides labels for a number of purported constitutional rights throughout his Amended Complaint, no such claims are factually plead.[7]

Plaintiff simply does not have a federal constitutional right to place food orders with vendors outside the MSOP facility. <u>See</u>, <u>Senty-Haugen v. Goodno</u>, 462 F.3d 876, 886 n.7 (8th Cir. 2006). The Eighth Circuit Court of Appeals has specifically noted that complaints regarding "access to the canteen and outside vendors . . . are de minimis restrictions 'with which the Constitution is not concerned.'" <u>Id.</u> (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 539 n. 20 (1979)). Courts have consistently found that persons civilly committed to the MSOP do not have a constitutional right to access vendors outside the MSOP facility or choose the outside supplier from which the MSOP client receives outside orders, and that any complaint regarding the ability to do so fails to implicate any liberty interest, property interest, or other interest protected by said client's federal constitutional rights or federal law. <u>See, e.g.</u>, <u>Semler v. Ludeman</u>, No. 09-cv-732 (ADM/SRN), 2010 WL 145275, at *14 (D. Minn. Jan. 8, 2010); <u>Branson v. Piper</u>, No. 16-cv-

---

[7] For example, Plaintiff alleges that Defendants violated his Thirteenth Amendment rights by placing him into involuntary servitude; however, the only facts asserted by Plaintiff in support of that claim allege that Defendants placed Plaintiff into involuntary servitude by requiring him to participate in treatment if he wished to reach tier 3 in order to purchase outside food as a prerequisite required by the Outside Orders Policy.

1790 (WMW/FLN), 2017 WL 9249421, at *4 (D. Minn. May 3, 2017), <u>report and recommendation adopted by</u> 2017 WL 2730027 (D. Minn. June 26, 2017); <u>Flores v. Moser</u>, No. 16-cv-1860 (ADM/KMM), 2019 WL 2016789, at *7 (D. Minn. Jan. 7, 2019).

In summary, the Court concludes that Plaintiff's alleged federal constitutional claims have no basis in fact as plead by Plaintiff in his Amended Complaint. Therefore, Plaintiff's Amended Complaint does not give rise to federal question jurisdiction under § 1983.[8] Thus, this Court lacks the requisite subject matter jurisdiction to adjudicate Plaintiff's claims.

Therefore, the Court recommends that Plaintiff's Complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## IV.    Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  Defendants' Motion to Dismiss, [Docket No. 76], be **GRANTED**; and

2.  Plaintiff's Amended Complaint be **DISMISSED without prejudice**.

Dated: July 22, 2019                                    s/Leo I. Brisbois
                                                        Hon. Leo I. Brisbois
                                                        U. S. MAGISTRATE JUDGE

---

[8] The Court notes that based on the content of the Amended Complaint, there is no basis upon which this Court could alternatively exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).